Hearing/Return Date: January 5, 2017 at 10:30 a.m.
Objection Deadline: December 29, 2016
Reply Deadline: January 2, 2017 by 4:00 p.m.

Kevin L. Smith
Deana S. Stein
**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, New York 10038
(212) 806-5400
*Attorneys for Defendant Alphonse Hotel Corp.*

Norman Flitt
Howard Kingsley
**ROSENBERG & ESTIS, P.C.**
733 Third Avenue
New York, New York 10017
(212) 867-6000
*Attorneys for Defendants 250 West Owner LLC, 250*
*West Owner II LLC, and 250 West Owner III LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

| | |
|---|---|
| In re: | : |
| | :   Chapter 11 – Jointly Administered |
| THREE AMIGOS SJL REST., INC., | : |
| | :   Lead Case No.  16-13341 (SMB) |
| Debtor. | : |

-------------------------------------------------------- x

| | |
|---|---|
| THREE AMIGOS SJL REST., INC., | : |
| | : |
| Plaintiff, | :   Adv. Proc. No. 16-01280 (SMB) |
| | : |
| -against- | : |
| | : |
| ALPHONSE HOTEL CORP., 250 WEST 43 | : |
| OWNERS LLC, 250 WEST 43 OWNER II LLC, | : |
| 250 WEST 43 OWNER III LLC, and ATHENE | : |
| ANNUITY AND LIFE COMPANY, | : |
| | : |
| Defendants. | : |

-------------------------------------------------------- x

# DEFENDANTS' JOINT MOTION FOR MANDATORY ABSTENTION OR REMAND AND MEMORANDUM OF LAW IN SUPPORT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................... 1

FACTS ............................................................................................................................ 2

    A.   Alphonse's Termination of Debtor's Tenancy and the State Court Action ............... 2

    B.   NY Supreme Court's Ruling on *Yellowstone* Injunction and Summary
        Judgment, Appellate Division Reversal, and Judgment in Favor of Owner .............. 5

    C.   Debtor's Filing for Bankruptcy, Court-Ordered Deposition of Debtor, and
        Debtor's Removal to Federal Court ......................................................................... 6

ARGUMENT ................................................................................................................... 8

   I.    PLAINTIFF'S CLAIMS AGAINST ALPHONSE AND OWNER ARE NON-
       CORE ................................................................................................................... 9

    A.   Debtor's Claims Do Not "Arise Under" Title 11 ...................................................... 9

    B.   Debtor's Claims Do Not "Arise In" Title 11. .......................................................... 9

    C.   Because Debtor's Claims Neither "Arise Under" nor "Arise In" Title 11,
        the State Court Action is Non-Core. ....................................................................... 10

  II.   ABSTENTION BY THIS COURT IS MANDATORY ............................................. 11

    A.   The State Court Action Was Already Commenced and Could Not Have
        Been Commenced in Federal Court Absent § 1334(a) Jurisdiction. ....................... 11

    B.   The State Court Action Can be Timely Adjudicated in NY Supreme Court ........... 12

 III.   IN THE ALTERNATIVE, THIS COURT SHOULD EXERCISE ITS
       DISCRETION TO ABSTAIN .............................................................................. 16

    A.   Debtor's Removal is an Improper Attempt to Appeal the Appellate Division
        Order. .................................................................................................................. 17

    B.   Principles of Comity Support Discretionary Abstention on Debtor's
        Remaining Claims ................................................................................................ 18

    C.   Debtor's Removal Constitutes Impermissible Forum Shopping on its
        Remaining Claims ................................................................................................ 20

CONCLUSION ................................................................................................................ 21

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alleyne v. Townsley,*
   110 A.D.2d 674 (2d Dep't 1985) ..........................................................................6

*Allied Mech. & Plumbing Corp. v. Dynamic Hostels Hous. Dev. Fund Co., Inc.,*
   62 B.R. 873 (Bankr. S.D.N.Y. 1986) ...................................................................14

*Baker v. Simpson,*
   413 B.R. 38 (E.D.N.Y. 2009) ................................................................................9

*BGC Partners, Inc. v. Avison Young (Canada), Inc.,*
   919 F. Supp. 2d 310 (S.D.N.Y. 2013) .............................................................13–15

*In re Briarpatch Film Corp.,*
   281 B.R. 820 (Bankr. S.D.N.Y. 2002) .............................................................17–19

*Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.,*
   368 F.3d 86 (2d Cir. 2004)....................................................................................8

*In re CBI Holding Co., Inc.,*
   529 F.3d 432 (2d Cir. 2008)............................................................................9–10

*In re Coudert Bros.,*
   No. 11- CIV-4949, 2011 WL 7678683 (S.D.N.Y. Nov. 23, 2011) ........................10

*D.C. Court of Appeals v. Feldman,*
   460 U.S. 462 (1983)............................................................................................18

*In re Exide Techs.,*
   544 F.3d 196 (3d Cir. 2008).................................................................................10

*In re Go West Entm't, Inc. v. N.Y. State Liquor Auth.,*
   387 B.R. 435 (Bankr. S.D.N.Y. 2008).............................................................18–19

*Herrick Co., Inc. v. SCS Commc'ns, Inc.,*
   251 F.3d 315 (2d Cir. 2001).................................................................................12

*In re Housecraft Indus. USA, Inc.,*
   310 F.3d 64 (2d Cir. 2002)....................................................................................9

*Linardos v. Fortuna,*
   157 F.3d 945 (2d Cir. 1998)..................................................................................8

*MBNA Am. Bank, N.A. v. Hill*,
   436 F.3d 104 (2d Cir. 2006).................................................................9

*In re N.Y. Trap Rock Corp.*,
   158 B.R. 574 (Bankr. S.D.N.Y. 1993) ...............................................20

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*,
   639 F.3d 572 (2d Cir. 2011)..........................................................13–14

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*,
   671 F.3d 261 (2d Cir. 2012)..............................................................14

*Post Investors LLC v. Gribble*,
   No. 12-CIV-4479, 2012 WL 4466619 (S.D.N.Y. Sept. 27, 2012) .........................13

*Purdue Pharma L.P. v. Kentucky*,
   704 F.3d 208 (2d Cir. 2013)................................................................8

*Rahl v. Bande*,
   316 B.R. 127 (S.D.N.Y. 2004)..........................................................17

*In re Robert Plan Corp.*,
   439 B.R. 29 (Bankr. E.D.N.Y. 2010)....................................................9

*Rooker v. Fidelity Trust Co.*,
   263 U.S. 413 (1923)........................................................................18

*Sealink Funding Ltd. v. Bear Sterns & Co. Inc.*,
   No. 12 Civ. 1397, 2012 WL 4794450 (S.D.N.Y. Oct. 9, 2012) .............................8

*Shamrock Oil & Gas Corp. v. Sheets*,
   313 U.S. 100 (1941)........................................................................8

*Shiboleth v. Yerushalmi*,
   412 B.R. 113 (S.D.N.Y. 2009)..........................................................16

*Stoe v. Flaherty*,
   436 F.3d 209 (3d Cir. 2006), *as amended* (Mar. 17, 2006) ...................................10

*Waldman v. Stone*,
   698 F.3d 910 (6th Cir. 2012) ............................................................10

**Statutes**

11 U.S.C. § 362.........................................................................11

28 U.S.C. § 1331....................................................................11–12

28 U.S.C. § 1332 .................................................................................................11–12

28 U.S.C. § 1334 .............................................................1, 8–9, 11, 13, 16–17

28 U.S.C. § 1452 ........................................................................................1, 16

**Other Authorities**

Jonathan P. Friedland et al., *Commercial Bankruptcy Litigation* § 3:13 (2016) ..........................10

Defendants Alphonse Hotel Corp. ("Alphonse") and 250 West 43 Owners LLC, 250 West 43 Owners II LLC, and 250 West 43 Owners III LLC (collectively, "Owner") (together with Alphonse, "Defendants" or "Movants"), jointly move, pursuant to 28 U.S.C. §§ 1334(c) and 1452(b), for abstention or remand of this removed action brought by Three Amigos SJL Rest., Inc. ("Debtor") to the Supreme Court of the State of New York, New York County ("NY Supreme Court") and submit the following memorandum of law in support.

## PRELIMINARY STATEMENT

1.      Debtor filed its chapter 11 bankruptcy petition for the transparent purpose of derailing a two-year-old state court commercial lease litigation, which has already resulted in a final judgment of eviction against Debtor.  The removed action does not belong in Bankruptcy Court, as it is unquestionably a non-core proceeding that neither "arises under" nor "arises in" title 11 of the United States Code (hereinafter, the "Bankruptcy Code").  This purely state law action could not have been commenced in federal court absent the bankruptcy jurisdiction conferred by 28 U.S.C. § 1334, and it can be timely adjudicated in NY Supreme Court where it has been litigated almost to conclusion over the last two years.  As such, this action is subject to *mandatory* abstention pursuant to 28 U.S.C. § 1334(c)(2).

2.      Even if abstention were not mandatory (and it is), remand is also appropriate under the Court's discretionary power to abstain from hearing cases arising under federal bankruptcy law or arising in or related to a bankruptcy proceeding "in the interest of justice, or in the interest of comity with State courts or respect for State law."  28 U.S.C. § 1334(c)(1).  The factors relevant to equitable remand weigh heavily in favor of remand here.  Litigation of the removed action in this Court cannot promote the efficient administration of Debtor's bankruptcy estate.  To the contrary, Debtor's obvious strategy is to attempt to re-litigate here issues that have already been litigated in the New York courts over the past two years and thereby delay the

ultimate day of judgment against Debtor.    Proceeding with the removed action in this Court
would also result in inefficient and piecemeal litigation because Debtor has deliberately not
removed from NY Supreme Court a pending, related case commenced by Debtor against Owner.
The removed action exclusively involves state law issues, and considerations of comity also
counsel in favor of returning this case to NY Supreme Court, the court in which Debtor
originally chose to litigate its alleged claims.    This Court should not countenance Debtor's
brazen forum shopping.  For the reasons shown below, this Court should abstain and remand this
action to NY Supreme Court.

## FACTS

**A.**    **Alphonse's Termination of Debtor's Tenancy and the State Court Action.**

3.    This action arises from Alphonse's termination of its lease to Debtor of
commercial space located at 252 West 43rd Street, New York, New York (hereinafter, the
"Premises").    Debtor rented the Premises from Alphonse pursuant to a commercial lease
agreement, dated May 2006 and effective June 15, 2006 and a lease assignment agreement,[1]
dated December 17, 2010 (together, the "Lease").    Declaration of Kevin L. Smith ("Smith
Decl."), Ex. 2, Second Amended Verified Complaint (hereinafter "2d Am. Compl.") ¶¶ 12-13;
Ex. 5, Commercial Lease; Ex. 6, Lease Assignment Agreement.    Debtor operates an adult
entertainment club under the name of Cheetahs Gentlemen's Club (hereinafter "Cheetahs") on
the Premises, which is located within the building formerly known as Hotel Carter, located at
250 West 43rd Street (hereinafter "Hotel Carter").    *See* 2d Am. Compl. ¶¶ 9, 24;  Lease
Assignment Agreement.    Cheetahs and Hotel Carter are also connected by a set of fire doors

---

[1] The initial commercial lease agreement was between Alphonse and Three Amigos SJL, Inc., but following the
bankruptcy of Three Amigos SJL, Inc., this lease was assigned to Debtor.  *See* Lease Assignment Agreement.

which open into the lobby of Hotel Carter. *See* 2d Am. Compl. ¶ 25. The main entrance to Cheetahs opens onto 43rd Street. *See id.* ¶ 29.

4.     On or around October 22, 2014, Alphonse served Debtor with a Fifteen (15) Day Notice to Cure relating to a deficiency in Debtor's insurance obligations under the Lease. Smith Decl., Ex. 8, Notice to Cure. Following the failure to cure, Alphonse issued a Notice of Termination, dated November 13, 2014, stating that the Lease was terminated effective December 17, 2014. Smith Decl., Ex. 9, Notice of Termination. Debtor, however, did not vacate the Premises and instead commenced *Three Amigos SJL Rest., Inc. v. Alphonse Hotel Corp.*, Index No. 162228/2014 in NY Supreme Court (hereinafter the "State Court Action") on December 10, 2014, seeking declaratory judgment related to its tenancy and injunctive relief from the Notice of Termination. Smith Decl., Ex. 1, Docket Sheet for State Court Action (hereinafter "Sup. Ct. Dkt. Sheet"), Nos. 1-8.

5.     Debtor moved for a *Yellowstone* injunction, and Alphonse opposed and cross-moved for partial summary judgment, claiming that (1) the motion for a *Yellowstone* injunction was untimely, (2) the uncured insurance deficiency was a substantial breach of the Lease, (3) the Notice of Termination was proper, and (4) Alphonse's tenancy was effectively and properly terminated as of December 17, 2014, as well as seeking dismissal of Debtor's possessory causes of action for declaratory and injunctive relief. *See* Sup. Ct. Dkt. Sheet, Nos. 9-21, 33-45, 83-112.

6.     In the interim, on January 22, 2015, Alphonse sold Hotel Carter (which included the Premises) to Owner. 2d Amend. Compl. ¶ 14. During this time, Debtor amended its complaint twice to include causes of action for injunctive, declaratory, and monetary relief against Alphonse and, upon the close of the sale, against Owner. *See* Sup. Ct. Dkt. Sheet, Nos. 50-57, 120-123. With respect to Debtor's claims for declaratory and injunctive relief, Debtor

3

mainly sought declarations that Debtor had cured the insurance deficiency, that the Notice of Termination was deficient, that Debtor was relieved from obligation to pay further rent, and that it was Alphonse, and later Owner, who were in violation of the Lease, as well as injunctive relief precluding Alphonse and/or Owner from removing Debtor from the Premises. *See generally* 2d Amend. Compl. As to monetary relief, Debtor claimed damages in connection with the Notice of Termination, absurdly alleging that Alphonse (and later Owner) sought to evict Debtor out of bad faith. *Id.* ¶¶ 44-51. Debtor also claimed that Alphonse and Owner breached their obligations in connection with a letter, dated April 6, 2011 (hereinafter the "April 2011 Letter"), which supposedly granted Debtor access to the lobby of Hotel Carter via the emergency fire doors connecting the two adjoining premises, and allowing Debtor the ability to serve food and beverage to guests of the hotel. *Id.* ¶¶ 81-116; Smith Decl., Ex. 6, April 2011 Letter. Debtor also claimed that "since or about the summer of 2013" Alphonse and Owner interfered with Debtor's access to the lobby, causing Debtor financial damage, and this interference and the eventual closing of Hotel Carter by Owner was a material breach of the Lease. 2d Amend. Compl. ¶¶ 38-43. Debtor claimed damages to the tune of $100 million in connection with this alleged breach of the April 2011 Letter. *Id.* ¶¶ 81-98.

7. Among other defenses to these claims, Alphonse asserted that the April 2011 Letter was void for lack of consideration and improper authorization by Alphonse, that the emergency exit doors connecting the lobby of Hotel Carter to Cheetahs were solely within the dominion and control of Debtor, as they can only be opened from inside the club, that Debtor never performed under the April 2011 Letter, and that Debtor's damages are wholly speculative. Smith Decl., Ex. 3, Verified Answer to Second Amended Complaint (hereinafter "Alphonse Answer") ¶¶ 51-53, 56, 62-64.

4

8.     Owner asserted most of the same defenses as Alphonse, as well as defenses that the Lease was properly terminated prior to its purchase of Hotel Carter and that to the extent the April 2011 Letter was not void, it was merely a license agreement, revocable at will, and that the license had been properly revoked by Owner's service of a ten-day Notice to Quit.  Smith Decl., Ex. 4, Amended Verified Answer to Second Amended Complaint (hereinafter "Owner's Answer") ¶¶ 34-56.  Owner also counterclaimed for attorney fees, as provided under the Lease. *Id.* ¶¶ 57-59.

**B.     NY Supreme Court's Ruling on *Yellowstone* Injunction and Summary Judgment, Appellate Division Reversal, and Judgment in Favor of Owner.**

9.     On September 29, 2015, presiding New York Supreme Court Justice Carol Edmead (hereinafter "Justice Edmead") issued an Order granting Debtor's motion for a *Yellowstone* injunction and denying Alphonse's motion for summary judgment.  Smith Decl., Ex. 10, Order (Sept. 29, 2015).  The State Court Action then proceeded through months of discovery, as the parties exchanged document demands, interrogatories, and deposition notices, and the parties regularly appeared for conferences in front of Justice Edmead to keep the litigation moving and resolve discovery disputes.  Smith Decl. ¶ 13.  In particular, on October 28, 2016, Alphonse noticed the videotaped deposition of Debtor's chief executive officer ("CEO"), Dominica O'Neill, for December 1, 2016.  Smith Decl., ¶ 19; Ex. 16, Notice of Deposition.

10.     On November 15, 2016, the Appellate Division, First Department (hereinafter "Appellate Division") entered an Order (hereinafter "Appellate Division Order") reversing Justice Edmead's September 29, 2015 Order in its entirety, thereby denying Debtor a *Yellowstone* injunction and granting Owner[2] summary judgment on Debtor's second, fourth,

---

[2] Although Alphonse originally brought the motion for summary judgment and opposition to Debtor's motion for a *Yellowstone* injunction, upon the sale of Hotel Carter to Owner, Owner became the true party in interest on these issues and handled the appeal thereon.

fifth, and sixth causes of action, as articulated in Debtor's Second Amended Complaint, and directing the Clerk to enter judgment accordingly.  Smith Decl., Ex. 11, Decision and Order of the Sup. Ct., App. Div. (Nov. 15, 2016) (hereinafter "App. Div. Order").   On November 22, 2016, the Clerk entered a judgment (hereinafter the "Judgment") (1) dismissing Debtor's second, fourth, fifth, and sixth causes of action, and severing the remaining claims; (2) denying Debtor's motion for a *Yellowstone* injunction; (3) declaring that Debtor materially breached the Lease; (4) declaring that the Lease was terminated as of December 17, 2014, pursuant to the Notice of Termination, and that Debtor no longer had any possessory rights to the Premises; (5) declaring that Owner was entitled to recover immediate possession of the Premises; (6) awarding Owner immediate legal possession of the Premises; (7) directing the Sheriff of the County of New York to remove Debtor from the Premises and restore possession to Owner; and (8) declaring that Debtor and its agents should be excluded from the Premises.  Smith Decl., Ex. 12, Judgment (Nov. 22, 2016).  As a result, the only claims remaining in the State Court Action are monetary in nature.

## C.    Debtor's Filing for Bankruptcy, Court-Ordered Deposition of Debtor, and Debtor's Removal to Federal Court.

11.    On November 28, 2016, counsel for Owner filed a Notice of Entry of the Judgment and delivered the Judgment to the Sheriff of New York County to carry out the eviction.  *See* Smith Decl., Ex. 13, Notice of Entry.  The Judgment, which emanated from a plenary action in NY Supreme Court, was self-executing and there was no requirement for a warrant of eviction as with summary proceedings in New York City Civil Court.  *See Alleyne v. Townsley*, 110 A.D.2d 674 (2d Dep't 1985) (holding that common-law actions for ejectment are governed by Article 6 of New York Real Property Actions and Proceedings Law).  But before the Sheriff could evict Debtor, Debtor filed a voluntary petition for relief under chapter 11 of the

6

U.S. Bankruptcy Code (hereinafter the "Bankruptcy Case") and sought to stay the State Court Action entirely.  Smith Decl., Ex. 14, Chapter 11 Voluntary Petition for Non-Individual Filing for Bankruptcy, *In re: Three Amigos SJL Rest., Inc.*, Bankr. Case No. 16-13341, Dkt. No. 1 (hereinafter "Bankr. Pet."); Ex. 15, Letter from David Carlebach.[3]

12.    Around this time, but prior to the commencement of the Bankruptcy Case, counsel for Debtor in the State Court Action, informed counsel for Alphonse that he objected to the previously scheduled videotaped deposition of Debtor's CEO.    Smith Decl. ¶ 21.    On November 29, 2016, Justice Edmead conducted a telephonic conference with counsel for Debtor, Alphonse, and Owner for a determination on whether a videotaped deposition of Debtor was permissible and whether the Bankruptcy Case stayed the deposition.  *Id.* ¶ 23.  Following the conference, Justice Edmead issued an order declaring that the deposition of Debtor could proceed as a videotaped deposition and that Debtor's Bankruptcy Case did not stay the State Court Action.  Smith Decl., Ex. 17, Order (Nov. 29, 2016) (hereinafter "Deposition Order").

13.    The Court held that the Bankruptcy Code and relevant case law establish that the filing of bankruptcy only automatically stays actions *against* a debtor arising before the commencement of a bankruptcy proceeding, not proceedings brought *by* the debtor and before the bankruptcy filing.  *Id.*  Despite this order, early in the morning on December 1, 2016—mere hours before Debtor's scheduled, and now court-ordered, deposition—Debtor removed the State Court Action to this Court, and Debtor's CEO did not appear for her deposition.  Smith Decl. ¶¶ 26-28; Ex. 18, Notice of Removal.

---

[3] Following the filing of the Bankruptcy Case, Owner moved for relief from the stay and an order requesting that the United States Marshals enforce the November 22, 2016 judgment.  This motion is now pending before this Court as Docket Nos. 6-9.

7

## ARGUMENT

14.     The party seeking removal bears the significant burden of establishing that the federal court has jurisdiction.  *See Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004); *see also Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) ("It is also hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction.") (citations omitted)).    "[R]emoval jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *Sealink Funding Ltd. v. Bear Sterns & Co. Inc.*, No. 12 Civ. 1397, 2012 WL 4794450, at *2 (S.D.N.Y. Oct. 9, 2012) (internal citations and quotations omitted).   When in doubt, federal courts are to resolve those doubts in favor of remand.  *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 220 (2d Cir. 2013).   "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (internal citations and quotations omitted).

15.     Here, Debtor removed the State Court Action pursuant to 28 U.S.C. § 1334(b) by virtue of Debtor's recent chapter 11 bankruptcy petition.  The undisputed record of this case, however, reveals that Debtor cannot bear its burden of showing that the State Court Action can be litigated in this Court.  Rather, the State Court Action is a non-core proceeding, resting entirely on issues of state law that can be timely adjudicated in state court, and, therefore, this Court *must* abstain from adjudicating.  Alternatively, given the history of this case, and out of deference to the state courts, this Court *should* exercise its equitable discretion to remand this case back to NY Supreme Court.

8

## I.      PLAINTIFF'S CLAIMS AGAINST ALPHONSE AND OWNER ARE NON-CORE

16.     Federal district courts have "original *but not exclusive* jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b) (emphasis added). Only proceedings that arise in or arise under a bankruptcy case are "core proceedings." *In re CBI Holding Co., Inc.*, 529 F.3d 432, 459-60 (2d Cir. 2008).

### A.      Debtor's Claims Do Not "Arise Under" Title 11.

17.     A case "arises under" title 11 if it "invoke[s] substantive rights *created by* bankruptcy law." *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 108-09 (2d Cir. 2006) (emphasis added) (citation omitted); *see also In re Housecraft Indus. USA, Inc.*, 310 F.3d 64, 70 (2d Cir. 2002). "Arising under jurisdiction exists where the Bankruptcy Code, in a strong sense, is the source of the right or remedy." *In re Robert Plan Corp.*, 439 B.R. 29, 41 (Bankr. E.D.N.Y. 2010), *rev'd on other grounds by U.S. Dep't of Labor v. Kirschenbaum*, 508 B.R. 257 (Bankr. E.D.N.Y. 2014) (citations and quotations omitted).

18.     Here, Debtor's claims against Movants solely invoke substantive rights and remedies created by New York state contract law, not the Bankruptcy Code. Thus, Debtor's causes of action do not "arise under" title 11.

### B.      Debtor's Claims Do Not "Arise In" Title 11.

19.     "A matter 'arises in' title 11 when the gravamen of the proceeding arises in the particular bankruptcy case and would have no existence outside of bankruptcy," even if the matter is not based on any right expressly created by title 11. *Baker v. Simpson*, 413 B.R. 38, 43 (E.D.N.Y. 2009) (citations and quotations omitted), *aff'd*, 613 F.3d 346 (2d Cir. 2010). "Examples of 'arising in' jurisdiction include: (1) suits that impact the integrity of the entire bankruptcy process (such as claims that a debtor fraudulently concealed estate assets); (2) suits

that are brought as part of the claims adjustment process; and (3) malpractice suits brought against professionals whose work was performed during the bankruptcy case."   Jonathan P. Friedland et al., *Commercial Bankruptcy Litigation* § 3:13 (2016) (footnote citations omitted). Essentially, for claims to "arise in" title 11, these claims must, by their nature, be the type that could *only* arise in the context of a bankruptcy case.  *Stoe v. Flaherty*, 436 F.3d 209, 218 (3d Cir. 2006), *as amended* (Mar. 17, 2006).

20.     Here, the alleged breach of contract disputes between Debtor and its landlord arose outside of the context of bankruptcy, and the instant action does not depend on the Bankruptcy Code for its existence.  Indeed, it has long been recognized that "[w]here a contract sued upon was formed prior to the bankruptcy petition, it will generally be highly unlikely that a proceeding based on that contract turns on the bankruptcy laws."  *In re Coudert Bros.*, No. 11-CIV-4949, 2011 WL 7678683, at *5 (S.D.N.Y. Nov. 23, 2011) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1102 (2d Cir. 1993)).  And to be sure, the State Court Action has been proceeding for two years prior to Debtor's filing of its chapter 11 petition.  Therefore, it cannot be said that Debtor's causes of action "arise in" title 11.

**C.     Because Debtor's Claims Neither "Arise Under" nor "Arise In" Title 11,  the State Court Action is Non-Core.**

21.     Only cases that "arise under" or "arise in" title 11 are considered "core proceedings."  *In re CBI Holding Co., Inc.*, 529 F.3d at 459-60.  "Whether a proceeding is core is determined on a claim-by-claim basis."  *Waldman v. Stone*, 698 F.3d 910, 921 (6th Cir. 2012) (citing *In re Exide Techs.*, 544 F.3d 196, 206 (3d Cir. 2008)).  "The mere fact that a non-core claim is filed with a core claim will not mean the [non-core] claim becomes 'core.'"  *In re Exide Techs.*, 544 F.3d at 206 (citation omitted).

10

22.    In its removal papers, Debtor provides no basis for treating any of Debtor's causes of action as core, and no such basis exists.  *See* Notice of Removal.  The entirety of Debtor's claims against both Alphonse and Owner solely rest on the operation of New York contract law in relation to the Lease and the April 2011 Letter.  Further, Debtor's second, fourth, fifth, and sixth causes of action have been dismissed by the Appellate Division, and the remaining causes of action severed.[4]  *See* App. Div. Order; Judgment.  Thus, the remaining causes of action that comprise the State Court Action neither arise in or under the Bankruptcy Code and, therefore, it cannot be said that the State Court Action is a core proceeding.

## II.    ABSTENTION BY THIS COURT IS MANDATORY

23.    In a non-core proceeding based on state-law claims, the Court is *required* to abstain from hearing the action when it (1) could not have been commenced in federal court absent jurisdiction arising under Section 1334(a); (2) was already commenced in state court; and (3) can be timely adjudicated in an appropriate state court jurisdiction.  28 U.S.C. § 1334(c)(2).

## A.    The State Court Action Was Already Commenced and Could Not Have Been Commenced in Federal Court Absent § 1334(a) Jurisdiction.

24.    The State Court Action was commenced nearly two years ago in NY Supreme Court and could not have been commenced against Alphonse or Owner in federal court absent jurisdiction under Section 1334(a).  Generally, federal jurisdiction only exists where claims arise under federal law or there is complete diversity between the parties.  *See* 28 U.S.C. §§ 1331-1332.  Here, however, the State Court Action contains only state-law causes of action and there is no diversity between the parties.

---

[4] As indicated in Note 3, Owner is seeking relief from the automatic stay, pursuant to 11 U.S.C. § 362, in the Bankruptcy Case and to enforce the Judgment.  *See* Bankr. Dkt. Nos. 6-9.  Because the claims relating to possession of the Premises have been severed by the Appellate Division Order and subsequent Judgment, any order to remand the State Court Action in its entirety should not affect Owner's requested relief regarding the stay and enforcement of the Judgment.

25.     Debtor is a New York corporation with its principal offices in New York, Alphonse is a New York corporation with its principal offices in New York, and the three limited liability companies that comprise Owner are each Delaware limited liability companies with their principal places of business in New York.  2d Amend. Compl. ¶¶ 2-6.  Although each of the Owner defendants was incorporated in Delaware, a corporation is a citizen of both the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  Thus Debtor and Movants are all New York citizens for jurisdictional purposes.

26.     Further, diversity jurisdiction requires complete diversity among parties.  *See Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 325–26 (2d Cir. 2001) ("[I]t is well-settled that the existence of diversity between a plaintiff and one defendant cannot support a federal court's exercise of supplemental jurisdiction over another non-diverse defendant.").  Thus, even though Debtor also named Athene Annuity and Life Company ("Athene"), a California company (2d Amend. Compl. ¶ 7), as a Defendant, because of the overlap in citizenship of Debtor and the other remaining defendants, complete diversity is lacking.  Further, Athene is no longer a party to the State Court Action, as Debtor dismissed its Second Amended Complaint as against Athene on June 3, 2016.  *See* Sup. Ct. Dkt. Sheet. No. 151.  Because the entirety of the State Court Action is based in New York law and there is no complete diversity among the parties, this case could *not* have been commenced in federal court.  *See* 28 U.S.C. §§ 1331-1332.  Therefore, the first two factors of mandatory abstention have been met.

**B.      The State Court Action Can be Timely Adjudicated in NY Supreme Court.**

27.     The only remaining question is whether the State Court Action can be timely adjudicated in NY Supreme Court, and the answer to that question is yes.  As the Second Circuit explained:

12

> [F]our factors come into play in evaluating § 1334(c)(2)
> timeliness: (1) the backlog of the state court's calendar relative to
> the federal court's calendar; (2) the complexity of the issues
> presented and the respective expertise of each forum; (3) the status
> of the title 11 bankruptcy proceeding to which the state law claims
> are related; and (4) whether the state court proceeding would
> prolong the administration or liquidation of the estate.

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 671 F.3d 261, 266 (2d Cir. 2012) (*per curiam*)

(internal citations and quotations omitted). "[T]he burden [is] on defendants to prove that the

state court *cannot* adjudicate the claims in a timely manner." *BGC Partners, Inc. v. Avison*

*Young (Canada), Inc.*, 919 F. Supp. 2d 310, 319 n.66 (S.D.N.Y. 2013) (emphasis in original).

The ultimate "question is not whether the action would be *more quickly* adjudicated in

bankruptcy court than in state court, but rather, whether the action can be *timely adjudicated* in

the state court." *Parmalat*, 671 F.3d at 266 (emphasis in original) (internal citations and

quotations omitted). "Thus, a state court may be a 'timely' forum, even if it requires longer to

adjudicate an action, than a federal court, as long as the relevant bankruptcy proceedings will not

be hindered by the relative delay." *Post Investors LLC v. Gribble*, No. 12-CIV-4479, 2012 WL

4466619, at *5 (S.D.N.Y. Sept. 27, 2012). All of the Second Circuit's factors weigh in favor of

abstention here.

28.    As to the first factor, "the inquiry does not turn exclusively on whether an action

could be adjudicated most quickly in state court, but is, however, informed by the comparative

speeds of adjudication in the federal and state forums." *Parmalat*, 671 F.3d at 266 (internal

citation and quotations omitted). While it is true that NY Supreme Court might have a busy

docket, Debtor does not, and cannot, claim that the docket for Justice Edmead is so backlogged

that adjudication in NY Supreme Court would be untimely. To the contrary, discovery is

ongoing and motions have been decided. Smith Decl. ¶ 13. Conferences resolving discovery

issues have occurred as often as is necessary and without delay, and Justice Edmead has issued decisions quickly and efficiently. *Id.*

29.    Moreover, in breach of contract cases where "discovery proceedings are continuing, the state court has rendered decisions on motions and the case is actively proceeding towards a trial…[and] [i]n the interests of comity and mindful of the legislative concern to allow state courts to continue to interpret state law," federal courts have been satisfied that such cases can be efficiently and timely adjudicated in the state forum. *Allied Mech. & Plumbing Corp. v. Dynamic Hostels Hous. Dev. Fund Co., Inc.*, 62 B.R. 873, 878 (Bankr. S.D.N.Y. 1986) (citing *Mattingly v. Newport Offshore, Ltd.,* 57 B.R. 797, 800 (D.R.I. 1986)).    Thus, the first factor weighs in favor of abstention.

30.    As to the second factor, the court in *BGC Partners* also held that when a "plaintiff[] allege[s] only state law claims…there is no question that state courts are best positioned to interpret and apply state law." 919 F. Supp.2d at 320 (citing *Parmalat*, 671 F.3d at 268).  Even when "the legal issues in [a] case may not be complex, in the absence of any factor weighing in favor of the district court as better equipped to adjudicate the case, the balance favors abstention." *Id.* at 320 n.68.  As the entirety of the State Court Action concerns only New York contract law, NY Supreme Court is in the best position to resolve Debtor's claims, and therefore the second factor weighs in favor of abstention.

31.    "As to the third factor—the status of the 'related to' title 11 bankruptcy proceeding—a court must consider whether the litigants in a state proceeding need the state law claims to be quickly resolved as a result of the status of the ongoing title 11 bankruptcy proceeding." *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 581 (2d Cir. 2011).  Here, Debtor's Bankruptcy Case is in its infancy, as it was filed less than a month ago.

14

*See* Bankr. Pet.  Alphonse and Owner have not even had an opportunity to examine Debtor, as is their right, and nothing other than the filing of the petition has happened.  Moreover, Debtor has not even filed completed schedules, lists, and statements of affairs in the Bankruptcy Case, and has recently moved for an extension of time to do so.  *See* Smith Decl., Ex. 21, Motion for Order Extending Time of Debtor to File Schedules, Lists And Statements Of Affairs.   There is absolutely *nothing* to indicate that the State Court Action must be resolved quickly as a result of the status of Debtor's Bankruptcy Case.  In fact, given the status of the Bankruptcy Case, it is likely that the State Court Action could be resolved in NY Supreme Court, after remand, before anything substantive happens in the Bankruptcy Case, such as the filing of a proposed plan of reorganization.  Thus, the third factor also weighs in favor of abstention.

32.    As to the fourth factor, abstaining and remanding to NY Supreme Court would not prolong the administration or liquidation of Debtor's estate.  "[I]n determining whether a state proceeding would prolong [administration] of an estate, the Second Circuit has considered: (i) whether the district court is concurrently charged with administration of the bankruptcy estate; (ii) close connections between the defendants in the action and the debtor; and (iii) the complexity of the litigation."  *BGC Partners*, 919 F. Supp. 2d at 320 (citation omitted).  Where, as here, "the district court here is not charged with administration of a bankruptcy estate the possibility that remand of the state court claims will slow down the bankruptcy proceeding is insufficient to show that state court adjudication would be untimely."  *Id.* (internal citation and quotations omitted).

33.    Further, where a "litigation is not particularly complex" and instead raises only state-law contract claims, "the state court may be better equipped to resolve the issues." *Id.*  And as outlined above, absolutely nothing substantive has occurred in the Bankruptcy Case that could

15

establish that remanding the State Court Action to NY Supreme Court for final disposition will prolong the administration or liquidation of Debtor's estate.  Again, the inquiry regarding timeliness of adjudication is not whether the case can be resolved quicker in federal court, but whether it can be resolved "timely" in the state court.  Given the status of the Bankruptcy Case, the fourth and final factor weighs in favor of abstention.

34.    Because the State Court Action could not have been commenced in federal court absent jurisdiction arising under Section 1334(a), was already commenced in NY Supreme Court, and can be timely adjudicated in NY Supreme Court, this Court *must* abstain from hearing the instant case and remand to NY Supreme Court.

## III.    IN THE ALTERNATIVE, THIS COURT SHOULD EXERCISE ITS DISCRETION TO ABSTAIN

35.    Even if abstention was not mandatory here (and it is), this Court should nevertheless exercise its discretion to abstain or remand this case for equitable reasons and in the interest of comity.  28 U.S.C. §§ 1452(b) ("The court to which [a] claim or cause of action is removed may remand such claim or cause of action on any equitable ground.") and 1334(c)(1) ("[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.").  "An 'equitable' ground is one that is 'fair and reasonable.'"  *Shiboleth v. Yerushalmi*, 412 B.R. 113, 117 (S.D.N.Y. 2009) (quoting *In re Cathedral of the Incarnation in the Diocese of Long Island*, 99 F.3d 66, 69 (2d Cir. 1996)).  "Because non-core claims do not implicate the essence of federal bankruptcy power, district courts consider such classification of a claim in deciding whether to grant an equitable remand."  *Id.* (citation omitted).  Courts also consider a number of other factors, not the least of which are the predominance of state law, whether Section 1334(b) is the

16

sole basis for jurisdiction, and the likelihood that removal is the result of forum shopping. *See Rahl v. Bande*, 316 B.R. 127, 135 (S.D.N.Y. 2004).

36.     As outlined in detail above, the entirety of the State Court Action is non-core. Debtor's claims against Alphonse and Owner are based purely in New York contract law and neither arise in nor under the Bankruptcy Code. Issues of state law do not simply "predominate" in the State Court Action, rather state law provides the *exclusive* remedy for Debtor. As such, Section 1334(b) is the only basis for jurisdiction, as the State Court Action raises no federal questions and complete diversity is lacking. Further, Movants believe that Debtor's removal is the result of improper forum shopping and an improper attempt to re-litigate issues already finally determined by the Appellate Division. Therefore, this Court should remand to NY Supreme Court using its discretionary powers to do so.

## A.      Debtor's Removal is an Improper Attempt to Appeal the Appellate Division Order.

37.     The doctrine of comity requires that one court should respect the judgments and orders of other courts. *In re Briarpatch Film Corp.*, 281 B.R. 820, 829 (Bankr. S.D.N.Y. 2002) ("Comity is a general principle…which provides that a court should respect the order and judgments of other courts.") (internal citation omitted).

38.     This Court has previously held that Bankruptcy Courts must respect state court orders and judgments and bankruptcy proceedings may not be used as a means of re-litigating issues that have already been finally determined in state court. *Id.* ("Bankruptcy courts must respect the orders and judgments of State courts and cannot act as a court of review or appeal as to matters that have been decided by State courts with jurisdiction.") (internal citation omitted). "[T]he fact that a State action may technically be removed at a late stage and even after judgment

17

has been entered does not, in the bankruptcy context, invalidate the principle that the bankruptcy court is bound to respect State court orders and judgments." *Id.* at 830.

39.     Based on the Appellate Division Order and the Judgment, the possessory phase of the State Court Action has been finally determined.  Both this Order and Judgment were entered prior to Debtor's filing of its chapter 11 Petition and its subsequent removal of the State Court Action to this Court.  *See generally* App. Div. Order, Judgment.  As such, the Appellate Division Order and Judgment remain in full force and effect, and this Court has the power to enforce this Judgment by directing Debtor's eviction from the Premises by the United State Marshal.[5]  The Appellate Division Order clearly severed Debtor's damage claims from the possessory aspect of the case, and those claims can easily continue to a resolution or adjudication in NY Supreme, as discussed in detail above.

40.     The Appellate Division Order, from which there is no right to appeal to the New York State Court of Appeals, is now valid in this Court as a result of the removal.  Debtor cannot avail itself of the removal as a means to collaterally attack or challenge this Order, because this would violate the *Rooker-Feldman* doctrine, under which Debtor may not re-litigate issues already finally determined by a state court.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  Moreover, this Court should respect the Appellate Division Order under principles of comity.  *See In re Briarpatch Film Corp.*, 281 B.R. at 829-30.  This alone warrants a remand to NY Supreme Court.

**B.     Principles of Comity Support Discretionary Abstention on Debtor's Remaining Claims.**

41.     In *In re Go West Entertainment, Inc. v. New York State Liquor Authority*, a case which involved a chapter 11 debtor that operated a "gentlemen's nightclub" and an adversary

---

[5] In its motion for relief from the stay, Owner is seeking to do just this.

proceeding brought by the debtor-club against the New York State Liquor Authority (the "SLA"), the debtor sought a determination from the Bankruptcy Court that the SLA's revocation of the club's liquor license violated the automatic stay.  387 B.R. 435, 438 (Bankr. S.D.N.Y. 2008).  The Court declined to interfere with the SLA's determination, citing the *Rooker-Feldman* doctrine.  *Id.* at 445-46 ("Federal courts lack jurisdiction over cases brought by those who have lost in State court and seek to have the Federal court review and in effect reverse the result.") (citing *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 288 (2005)).  In refusing to intervene under principles of comity, the Court held that it lacked jurisdiction to afford the debtor relief that had been twice denied by the state appellate court, and therefore remanded.  *Id.* at 442 ("Such an order would directly violate the principles of comity and avoidance of needless friction between Federal and State courts that has been incorporated in several abstention doctrines.").

42.    Additionally, in *In re Briarpatch Film Corp.*, this Court granted motions to remand state court causes of action and also dismissed the debtor's chapter 11 case as having been filed in bad faith.  281 B.R. at 833-36.  There, not only had the case been removed to the Bankruptcy Court after the state court had ruled that the debtor's principals had committed fraud and had failed to comply with prior court orders, but the debtor removed the case on the eve of the entry of a contempt judgment against the principals.  *Id.* at 831.  The debtor even admitted that it had removed to federal court in hopes of finding a judge "more sympathetic" to its position.  *Id.* at 830.  Recognizing that the removal was simply a ploy by the debtor to avoid the entry of the contempt judgment in state court, the Court remanded the case to state court in the interests of comity.  *Id.* at 835-36.

19

43.     Likewise, Debtor herein removed the State Court Action mere hours before a court-ordered deposition of Debtor's CEO Dominica O'Neill, and Debtor filed the Bankruptcy Case immediately following the entry of Judgment declaring Debtor's Lease terminated and as Owner took steps to evict Debtor.  If, as it appears to Movants, Debtor removed the State Court Action to this Court in an attempt to collaterally attack the Appellate Division Order, which constitutes a final determination of the possessory phase of the State Court Action, or to escape a court-ordered deposition, then this Court should, under the principles of comity, abstain from entertaining the State Court Action and remand same to NY Supreme Court.

**C.     Debtor's Removal Constitutes Impermissible Forum Shopping on its Remaining Claims.**

44.     Movants also believe that Debtor's removal to this Court is the result of Debtor's forum shopping.  Debtor brought the State Court Action in NY Supreme Court nearly two years ago and seemed content to litigate therein until it received unfavorable decisions by the Appellate Division and Justice Edmead.   It is no coincidence that following the decision by Justice Edmead that the videotaped deposition of Debtor's CEO was ordered to proceed as scheduled, Debtor removed the State Court Action to this Court mere *hours* before the ordered deposition was to occur.  *See* Deposition Order, Notice of Removal, Smith Decl. ¶¶ 24-28.  It is obvious that Debtor removed to federal court out of a bad-faith attempt to escape its own party-deposition and the jurisdiction of Justice Edmead, in the hope that proceeding in federal court might lead to more favorable results.  This is impermissible forum-shopping. *See In re N.Y. Trap Rock Corp.*, 158 B.R. 574, 576 (Bankr. S.D.N.Y. 1993).

45.     Additionally, Debtor also maintains a related case against Owner in NY Supreme Court, captioned *Three Amigos SJL Rest., Inc. v. 250 West 43 Owner LLC, et al.*, Index No. 651324/2016, brought in 2016 (hereinafter "Related Action").  Smith Decl., Ex. 20, Docket

Sheet for Related Action.  The Related Action was commenced by Debtor to obtain a second

*Yellowstone* injunction with respect to Lease default notices served by Owner, yet Debtor has not

sought removal, despite that the State Court Action and Related Action are consolidated and,

until removal, have proceeded together in front of Justice Edmead.  Smith Decl. ¶ 32.  Litigation

of the State Court Action in federal court while the Related Action remains in NY Supreme

would result in inefficient, piecemeal litigation of Debtor's claims as a whole, and Debtor's

decision only to remove only the State Court Action implies that Debtor is forum shopping as it

conveniences Debtor.

46.     The facts—particularly the timing—leading up to Debtor's removal indicate that

it did so simply to escape the jurisdiction of NY Supreme Court, in particular Justice Edmead,

and because Debtor disfavored the orders and judgments entered against it in the State Court

Action and hoped that a federal forum might produce different results.  This type of forum

shopping cannot be countenanced.  Accordingly, this Court should abstain from hearing the

instant case and remand the State Court Action to NY Supreme Court.

## **CONCLUSION**

47.     For the forgoing reasons, Movants respectfully request that this Court abstain

from hearing the State Court Action and issue an Order remanding it to NY Supreme Court,

along with such other and further relief as the Court deems just and proper.

Dated: New York, New York
       December 22, 2016

                                        **STROOCK & STROOCK & LAVAN
                                        LLP**

                                        By:  _/s/_____
                                             Kevin L. Smith
                                             Deana S. Stein

21

180 Maiden Lane
New York, NY 10038-4982
(212) 806-5400
ksmith@stroock.com

*Attorneys for Defendant Alphonse Hotel
Corp.*

**ROSENBERG & ESTIS, P.C.**

By:  /s/

Norman Flitt
Howard Kingsley
733 Third Avenue
New York, New York 10017
T:  (212) 867-6000
F:  (212) 551-8484
E: nflitt@rosenbergestis.com
*Attorneys for Defendants 250 West Owner
LLC, 250 West Owner II LLC, and 250
West Owner III LLC*

22