Hearing/Return Date: January 5, 2017 at 10:30 a.m.
Objection Deadline: December 29, 2016
Reply Deadline: January 2, 2017 by 4:00 p.m.

Kevin L. Smith
Deana S. Stein
**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, New York 10038
(212) 806-5400
*Attorneys for Defendant Alphonse Hotel Corp.*

Norman Flitt
Howard Kingsley
**ROSENBERG & ESTIS, P.C.**
733 Third Avenue
New York, New York 10017
(212) 867-6000
*Attorneys for Defendants 250 West Owner LLC, 250 West Owner II LLC, and 250 West Owner III LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

In re:

THREE AMIGOS SJL REST., INC.,

                Debtor.

Chapter 11 – Jointly Administered

Lead Case No. 16-13341 (SMB)

------------------------------------------------------- x

THREE AMIGOS SJL REST., INC.,

         Plaintiff,

  -against-

ALPHONSE HOTEL CORP., 250 WEST 43 OWNERS LLC, 250 WEST 43 OWNER II LLC, 250 WEST 43 OWNER III LLC, and ATHENE ANNUITY AND LIFE COMPANY,

        Defendants.

Adv. Proc. No. 16-01280 (SMB)

**DECLARATION OF KEVIN L. SMITH IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR MANDATORY ABSTENTION OR REMAND**

------------------------------------------------------- x

**KEVIN L. SMITH,** hereby declares, under penalty of perjury of the laws of the United States of America, that the foregoing is true and correct:

1. I am a member of Stroock & Stroock & Lavan LLP, the attorneys for Defendant Alphonse Hotel Corp. ("Alphonse"). I am fully familiar with the facts set forth herein.

2. I submit this Declaration in support of Defendant's Joint Motion for Mandatory Abstention or Remand.

3. Attached hereto as **Exhibit 1** is a true and correct copy of the Docket Sheet for *Three Amigos SJL Rest., Inc. v. Alphonse Hotel Corp., et al.*, Index No. 162228/2014, Supreme Court of the State of New York, New York County (hereinafter "State Court Action"), as of December 15, 2016.

4. Attached hereto as **Exhibit 2** is a true and correct copy of Three Amigos SJL Rest., Inc.'s ("Debtor") Second Amended Verified Complaint filed in the State Court Action, without exhibits.

5. Attached hereto as **Exhibit 3** is a true and correct copy of the Verified Answer to the Second Amended Verified Complaint filed by Alphonse in the State Court Action.

6. Attached hereto as **Exhibit 4** is a true and correct copy of the Amended Verified Answer to the Second Amended Verified Complaint filed by 250 West 43 Owners LLC, 250 West 43 Owners II LLC, and 250 West 43 Owners III LLC (collectively, "Owner") in the State Court Action.

7. Attached hereto as **Exhibit 5** is a true and correct copy of the Commercial Lease between Three Amigos SJL, Inc. and Alphonse, dated May 2006 and effective June 15, 2006, by which Debtor leased commercial space at 252 West 43rd Street, New York, New York.

8.  Attached hereto as **Exhibit 6** is a true and correct copy of the Lease Assignment Agreement among Three Amigos SJL, Inc., Debtor, and Alphonse, entered into on December 17, 2010.

9.  Attached hereto as **Exhibit 7** is a true and correct copy of a letter, dated April 6, 2011, signed by Sam Zherka and Erwin Lumanglas.

10. Attached hereto as **Exhibit 8** is a true and correct copy of the Fifteen (15) Day Notice to Cure Alphonse served on Debtor on or around October 22, 2014, also filed as Dkt. No. 5 in the State Court Action.

11. Attached hereto as **Exhibit 9** is a true and correct copy of the Notice of Termination Alphonse served on Debtor on or around November 13, 2014, also filed as Dkt. No. 8 in the State Court Action.

12. Attached hereto as **Exhibit 10** is a true and correct copy of the Decision and Order issued by New York Supreme Court Justice Carol Edmead (hereinafter "Justice Edmead") entered on September 29, 2015, appearing as Dkt. No. 113 in the State Court Action, granting Debtor's motion for a *Yellowstone* injunction and denying Alphonse's motion for summary judgment in the State Court Action.

13. Following the issuance of the September 29, 2015 Order, the State Court Action continued to proceed through discovery. The parties exchanged document demands, interrogatories, and deposition notices, and the parties regularly appeared for conferences before Justice Edmead to keep the litigation moving and resolve discovery disputes in a timely manner.

14. Attached hereto as **Exhibit 11** is a true and correct copy of the Decision and Order of the Appellate Division, First Department, issued on November 15, 2016, appearing as Dkt. No. 182 in the State Court Action, reversing Justice Edmead's September 29, 2016 Order.

15. Attached hereto as **Exhibit 12** is a true and correct copy of the Judgement entered by the Clerk on November 22, 2016, appearing as Dkt. No. 181 in the State Court Action, granting Owner possession of the Premises, dismissing Debtor's second, fourth, fifth, and sixth causes of action, and severing the remaining claims in the State Court Action.

16. Attached hereto as **Exhibit 13** is a true and correct copy of the Notice of Entry of the above-referenced Judgment, appearing as Dkt. No. 183 in the State Court Action, filed on November 28, 2016 at 5:09 p.m. EST.

17. Attached hereto as **Exhibit 14** is a true and correct copy of the Chapter 11 Voluntary Petition for Non-Individual Filing for Bankruptcy filed by Debtor on November 28, 2016 at 9:57 p.m. EST in *In re: Three Amigos SJL Rest., Inc.*, Bankr. Case No. 16-13341 (B.R. Dkt. No. 1).

18. Attached hereto as **Exhibit 15** is a true and correct copy of a letter from David Carlebach, bankruptcy counsel for Debtor, to Norman Flitt, counsel for Owner, sent on November 29, 2016, informing Mr. Flitt of Debtor's chapter 11 filing.

19. On October 28, 2016, I filed and served a Notice of Deposition on Debtor, stating that Debtor's chief executive officer, Dominica O'Neill, was to appear for a videotaped deposition on December 1, 2016 at 10:00 a.m. at 180 Maiden Lane, New York, New York.

20. Attached hereto as **Exhibit 16** is a true and correct copy of the Notice of Deposition, served on Debtor on October 28, 2016, appearing as Dkt. No. 170 in the State Court Action.

21. On Sunday, November 20, 2016, Rex Whitehorn, counsel for Debtor in the State Court Action, informed me that he objected to a videotaped deposition of Ms. O'Neill.

22. On Monday, November 28, 2016, Debtor filed a voluntary petition for relief under chapter 11 of the U.S. Bankruptcy Code, and counsel for Alphonse and Owner were notified on Tuesday, November 29, 2016.

23. On Tuesday, November 29, 2016, Justice Edmead conducted a telephonic conference with Mr. Whitehorn and counsel for Alphonse and Owner to determine whether a videotaped deposition of Debtor was permissible and, given Debtor's chapter 11 filing, whether the proceeding as against Alphonse was stayed (as Debtor so maintained).

24. Following the conference, Justice Edmead issued an order declaring that the deposition of Debtor could proceed as a videotaped deposition and that Debtor's filing of a voluntary chapter 11 petition did not stay the State Court Action.

25. Attached hereto as **Exhibit 17** is a true and correct copy of the Order issued by Justice Edmead and entered on November 30, 2016, appearing as Dkt. No. 185 in the State Court Action, ordering that Debtor appear for deposition on December 1, 2016.

26. Despite this order, early in the morning on December 1, 2016—only a few hours before Debtor's deposition—Debtor removed the State Court Action to this Court and Debtor did not appear for the deposition.

27. Moreover, on several occasions on November 30, 2016, I reached out to Mr. Whitehorn and attempted to confirm that Ms. O'Neill would appear for her deposition, per the Court's Order.

28. Not only did Mr. Whitehorn refuse to confirm that his client would appear for her deposition, but the following morning claimed that Debtor's removal to federal court excused his client's default on her deposition and somehow mooted the Order of November 30, 2016.

5

29. Attached hereto as **Exhibit 18** is a true and correct copy of the Notice of Removal filed by Debtor on December 1, 2016, appearing as Dkt. No. 187 in the State Court Action.

30. Attached hereto as **Exhibit 19** is a true and correct copy of the Order issued by Honorable Jesse M. Furman, United States District Judge for the Southern District of New York, referring *Three Amigos Rest., Inc. v. Alphonse Hotel Corp., et al.*, Case No. 1:16-cv-09277 to this Court, where Debtor's bankruptcy proceedings are pending.

31. Attached hereto as **Exhibit 20** is a true and correct copy of the Docket Sheet for *Three Amigos SJL Rest., Inc. v. 250 West 43 Owner LLC, et al.*, Index No. 651324/2016, as of December 15, 2016, which is an action related to the State Court Action (hereinafter "Related Action").

32. The Related Action was commenced by Debtor to obtain a second *Yellowstone* injunction with respect to the Lease default notices served by Owner, although Debtor has not sought removal, despite that the State Court Action and Related Action are consolidated and, until removal, have proceeded together in front of Justice Edmead.

33. Attached hereto as **Exhibit 21** is a true and correct copy of the Motion for Order Extending Time of Debtor to File Schedules, Lists And Statements Of Affairs filed on December 12, 2016 in *In re: Three Amigos SJL Rest., Inc.*, Bankr. Case No. 16-13341 (B.R. Dkt. No. 11).

Dated: New York, New York
December 22, 2016

/s/
**KEVIN L. SMITH**